IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT EUGENE COLEMAN, | ) | |
| | ) | |
| Petitioner, | ) | 4:04cv3377 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON[1], | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is filing no. 17, the Request for a Certificate of Appealability filed by the petitioner, Robert Eugene Coleman, who wishes to appeal the Memorandum and Order (filing no. 15) and Judgment (filing no. 16), dismissing his Petition for Writ of Habeas Corpus ("§ 2254 petition") as untimely.  Before the petitioner may appeal the denial of his § 2254 petition, a Certificate of Appealability must issue.   Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a § 2254 petition is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c).  28 U.S.C. § 2253(c) states:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;
>> ....
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

---

[1] Substituted respondent per filing no. 7.

> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

See also Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997).

28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  A substantial showing of the denial of a constitutional right requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted), citing Barefoot v. Estelle, 463 U.S. 894 (1983) (which defined the pre-AEDPA standard for a certificate of probable cause to appeal).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack, 529 U.S. at 484.  Similarly, if the district court denies a § 2254 motion on procedural grounds without reaching the underlying constitutional claims on the merits, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and ... would find it debatable whether the district court was correct in its procedural ruling .... Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.

In such a circumstance, no appeal would be warranted." Id.

On review and consideration of the record and the applicable law, and for the reasons stated in filing no. 15, I conclude that the petitioner has failed to demonstrate that reasonable jurists would find this court's ruling debatable or wrong.  Therefore, filing no. 17 is denied, and a certificate of appealablity will not issue under 28 U.S.C. § 2253(c).  The petitioner still retains the option of filing a Notice of Appeal[2] and directing a motion for certificate of appealability to the Eighth Circuit Court of Appeals.  See Fed. R. App. P. 22(b).

SO ORDERED.

DATED this 25th day of April, 2005.

BY THE COURT:

/s/ Joseph F. Bataillon
Joseph F. Bataillon
Chief District Judge

---

[2] Any such Notice of Appeal may be untimely if filed after May 4, 2005.